MAGGIE VAUGHN AND HER HUSBAND, JOHN VAUGHN,
Plaintiffs in Error, v. MICHAEL S. ALLGAIER,
Defendant in Error.

### Kansas City Court of Appeals, November 7, 1887.

TRESPASS—CONVERSION OF GOODS BY SHERIFF—LIABILITY FOR—CASE.
ADJUDGED.—Where the defendant in this case, as sheriff, received
from his predecessor property levied upon by an attachment writ,

which was not that of the defendants in the writ, but of the plaintiffs in this case ; and was notified by plaintiffs of their ownership, and the property demanded of him before the institution of this suit. *Held,* the notice of ownership and the forbidding to sell was tantamount to a demand ; and the selling afterwards was a conversion, and rendered the sheriff liable for the value of the goods.

ERROR to Clinton Circuit Court, HON, GEORGE W. DUNN, Judge.

*Reversed and remanded with directions.*

The case and facts are stated in the opinion of the court.

ROLAND HUGHES and J. F. HARWOOD, for the plaintiffs in error.

I. The only question in this case is whether the order of the court, to the sheriff, under section 424, Revised Statutes, is a justification to the defendant, in selling Maggie Vaughn's property. He admits that it was her property, and that they notified him of it before the property was sold. In other words it is agreed that it was her property, and that defendant knew it, and the only excuse offered is that it was embraced in his order of sale. Such order does not protect a sheriff making, sale. 2 Addison on Torts [Wood's Ed.] sect. 907, second part of section ; *Bradley v. Holloway,* 28 Mo. 150 ; Gwynne on Sheriffs, 569 ; *Belkin v. Hill,* 53 Mo. 496 ; 2 Hilliard on Torts, p. 194, sect. 5 ; *Trieber v. Blocher,* 10 Md. 14. In the case of *Williams v. Wall* (60 Mo. 321), the case of *Stevens v. Elwall* (4 Maule. and Selw. 259), is cited, where Lord Ellenborough uses this language in enunciating a general doctrine : Where a clerk acting under an unavoidable ignorance, and for his master's benefit, had shipped goods to his principal, remarked, ''a person is guilty of a conversion who intermeddles with any property and disposes of it, and it

is no answer that he acted under authority from another who had himself no authority to dispose of it."

II. Unless the plaintiff can maintain this action, she is absolutely without remedy. She could not pursue Peter Fisher, because the evidence shows that he gave no instruction to levy on or sell this property. He simply had an attachment issued against Joseph Vaughn, and did not tell the officer to levy on or sell anybody else's property. She had no remedy against the first officer, for simply making levy, because that would only give her nominal damage, as that officer did not remove the property ; simply made a technical levy. She could not interplead, because there was no term of court before the order of sale was issued. The law fixed the first term of court for January following. She had no means of getting into court before that. She did all she could do. Simply protested against having her property sold. She could not interplead for the proceeds of the sale after the property had been sold. See *Spooner v. Ross*, 24 Mo. App. 602. But if it is claimed that she could interplead she would be bound to take the proceeds of the sale, no matter how great the sacrifice might have been at the sale.

III. But the sheriff could have justified a refusal to sell by showing the property did not belong to defendant in the attachment; and the agreed state of facts show that it was not his, and that the sheriff had notice of it. In such case the order of sale was no protection to him for selling plaintiff's property. *Magee v. Beirne*, 39 Pa. St. 50 ; 2 Hilliard on Torts, 195 ; *Cannada v. Southwick*, 16 Pick. [Mass.] 556.

Thos. E. Turney, for the defendant in error.

I. It was not agreed that the defendant in error knew that the property claimed by Maggie Vaughn at the sale was hers. It was agreed in the trial in the circuit court, that the property was hers, because there had been

a trial before a justice of the peace, and in that trial the fact had been proved.

II. Under the agreed statement the court properly rendered judgment for the defendant. The order was an imperative one, made by a court having jurisdiction, commanding the officer to sell the specific articles named in the order ; and to make return to the court on a day named. Rev. Stat., sects. 424, 425, 3891; *Brown v. Harris*, 52 Mo. 306 ; *Erskine v. Hohnbach*, 14 Wallace, 613, and cases cited ; 5 Wait's Actions and Defences, 29, and cases cited.

III. This order is in no respect similar to a writ of execution or attachment. It is not to sell or attach the property of the party named in the writ, leaving to the officer to decide upon the ownership of the property, but to sell the articles named ; and the proceeds of the sale are not to be paid out by the sheriff to any one, but are to be returned into court, to be disposed of by the court. *Oeters v. Achle*, 31 Mo. 387.

IV. The plaintiffs say that they did all they could. The agreed statement shows that the property was levied on October 30, 1884, and that it was sold December 29, 1884, and that no claim was made until the property was put up for sale by the sheriff. During all this sixty days, if their simple claim of the property had been rejected, they had several simple and effective remedies for its recovery in species, or its value. Neglecting to avail themselves of any of these remedies, they cannot impose upon the officer the burden of deciding instantly and at his peril upon the validity of their claim.

V. It may be true that the officer may at his peril disobey the order of the court ; but the question is, does the order protect him if he obeys it ? The gross injustice, if not absurdity, of the plaintiffs' claim is made apparent by the fact that the same court, the same judge, that made the order is asked to punish the sheriff for obeying it. " It is only where a court has no jurisdiction over the subject-matter, or, having such juris-

diction, is bound to adopt certain rules in its proceedings, from which it deviates, whereby its proceedings are rendered *coram non judice*, that an action will lie against the officer who executes its judgments." *Dynes v. Hoover*, 20 Howard's U. S. Sup. Ct. 65.

ELLISON, J.--This is an action of trespass against the sheriff of Clinton county. The cause was appealed to the circuit court of Clinton county, from a justice of the peace, and was tried by the court without a jury. Upon the trial it was agreed that the facts were as follows :

"That on the thirtieth day of October, 1884, Porter F. Biggerstaff, being sheriff of said county, had a writ of attachment against Joseph Vaughn, and by virtue of said writ of attachment, together with other property, levied upon and seized the property in controversy; that said attachment was issued in a case of *Peter Fisher v. Joseph Vaughn*; that, at the expiration of his term of office, which was on the —— day of November, 1884, Biggerstaff turned over the property in controversy to the defendant, Michael S. Allgaier, who was his successor in office ; that afterwards, on the tenth day of December, 1884, the circuit court, under sections 424 and 425, made an order directing the sheriff to sell the property levied on and held under the writ of attachment, describing the property ; that, under and in pursuance of said order, the defendant sold the property in dispute, on the twenty-ninth of December, 1884 ; that on said day of sale and when the property was offered for sale, the plaintiffs told defendant that they were the owners of the property in suit, and forbade him to sell the same. It was also agreed that the plaintiff, Maggie Vaughn (who is the wife of her co-plaintiff), was the owner of the property at the time it was levied on and sold ; and that at the time it was sold by defendant, it was worth the sum of seventy-five dollars ($75) the amount sued for."

Upon this state of facts the court found for defendant, and entered up judgment accordingly, and plaintiffs prosecute their writ of error. All hands in the court below seemed to place stress upon the fact that the sheriff sold this property under sections 424 and 425, Revised Statutes. Upon the one side it is said those sections afford him no protection, and on the other, it is insisted they protect him, as he acted under the order of the court, and that he should not be held responsible for mere obedience to a lawful order. In the view we take of the case there need be no reference to those sections. It is admitted the property is that of plaintiff, Maggie; that it is not the property of the defendant in the attachment writ; and that this defendant was made aware of this before this action was instituted against him. In other words, this defendant, as sheriff, received from his predecessor property levied upon by an attachment writ; that such property was not that of the defendants in this writ, but plaintiffs herein; and that plaintiffs notified him of their ownership and demanded the property of him before the institution of this suit. I consider the notice of ownership and the forbidding to sell as tantamount to a demand. Under these circumstances defendant was guilty of a conversion and liable for the value of the goods. However innocently he may have received them from his predecessor, his innocence could not continue afterwards in the face of his knowledge.

The judgment is reversed, and the cause remanded, with directions to enter judgment for plaintiffs for seventy-five dollars. All concur.